IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTIONETTE WOODARD, *individually, and on behalf of all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> HUMANA INC. and HEALTHUBB, LLC, <br><br> Defendants. | 1:23-cv-00979 <br><br> Judge: Hon. Sharon Johnson Coleman <br><br> JURY DEMANDED |

### DEFENDANT HUMANA INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

#### I. INTRODUCTION

Plaintiff Antoinette Woodard's ("Plaintiff" or "Woodard") Complaint alleges in conclusory fashion that Defendant Humana Inc. ("Humana") is vicariously liable for calls placed by Healthubb, LLC ("Healthubb") because Humana "engag[ed]" Healthubb to make calls on its behalf, "permitted" Healthubb to transfer calls to Humana, and "accept[ed]" the benefits of Healthubb's calling activity. Humana's Motion to Dismiss responds with the facts: it has never engaged Healthubb for a marketing campaign, permitted Healthubb to access its systems or otherwise directly transfer calls to Humana agents, paid Healthubb for leads or call transfers, or authorized Healthubb to promote its products. (Dkt. 21-1 at ¶¶ 9-10)

Faced with the proverbial facts, Plaintiff's opposition brief appears to abandon all theories of vicarious liability except ratification. But Plaintiff does not allege the required elements of ratification either, including Humana having "full knowledge" of Healthubb's calling activities or being "willfully ignorant" of them. Moreover, she fails to challenge any of the

factual statements in Humana's declaration, which confirm that Humana could not have had the requisite "full knowledge" or been "willfully ignorant" because it does not have a marketing relationship with Healthubb and was not aware of Healthubb's calling activities. And under the standard utilized by the Seventh Circuit for Rule 12(b)(2) motions, the unrebutted facts stated in Humana Market Vice President Sarah Elmer's declaration must be accepted as true, whereas Plaintiff's conclusory allegations must be disregarded. Thus, Plaintiff's ratification theory is foreclosed.

Accordingly, Plaintiff's Complaint fails to properly allege that Humana is vicariously liable for the actions of Healthubb and the Court should, therefore, dismiss Plaintiff's claims against Humana for lack of personal jurisdiction.

## II. ARGUMENT

Plaintiff does not take issue with the central proposition of Humana's motion – that the question of whether the Court has personal jurisdiction over Humana in this specific instance depends on whether Humana can be held vicariously liable for Healthubb's alleged conduct. Instead, Plaintiff makes two arguments in her opposition brief: (1) it is premature for the Court to make a merits determination; and (2) in any event, Plaintiff has sufficiently alleged Humana's vicarious liability by way of ratification.

Plaintiff's first argument is a red herring. Humana is not asking the Court to make a merits determination on vicarious liability; it is challenging jurisdictional allegations using a procedure the Seventh Circuit has repeatedly affirmed. Plaintiff's second argument is wrong. Her allegations do not set forth the requisite relationship between Humana and Healthubb to support her ratification theory – especially in the face of Humana's declaration. (Dkt. 21-1)

### A. RULE 12(B)(2) CHALLENGES TO VICARIOUS LIABILITY ALLEGATIONS ARE PROPER AND RELATIVELY COMMON.

Plaintiff's opposition brief mischaracterizes Humana's motion to dismiss, asserting that it seeks a final merits determination on vicarious liability, and citing cases for the unremarkable proposition that the motion to dismiss stage is too early for such a determination. But far from seeking a final merits determination, Humana's motion merely asks the Court to decide whether Plaintiff has sufficiently alleged vicarious liability, which in this specific instance impacts the Court's personal jurisdiction over Humana.

The relief Humana seeks and the procedural vehicle it advances have ample precedent. As set forth in Humana's motion, the Seventh Circuit, and many other circuits, have a well-established procedural framework for challenges to personal jurisdiction via Rule 12(b)(2) that permits challengers to attach, among other things, declarations refuting the complaint's allegations. (Dkt. 21, at pp. 4-5) Humana's opening brief referenced a few such cases – cases that Plaintiff failed to distinguish or even address. *Shanahan v. Nat'l Auto Prot. Corp.*, No. 1:19-cv-03788, 2020 U.S. Dist. LEXIS 101031 at *13 (N.D Ill. June 9, 2020) (finding that an affidavit sufficiently undermined allegations concerning a purported agency relationship between a defendant and an alleged telemarketing agent); *Naiman v. TranzVia LLC*, No. 17-cv-4813, 2017 U.S. Dist. LEXIS 199131 at *28 (N.D. Cal. Dec. 4, 2017) (relying in part on an agreement attached to defendant's Rule 12(b)(2) motion to determine whether the plaintiff failed to allege vicarious liability); *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 585 (S.D. Ohio. 2016) (relying on defendant's declaration attached to its Rule 12(b)(2) motion in its finding that plaintiff failed to allege vicarious liability).

The cases cited in Humana's opening brief are not outliers, nor are they few and far between. Courts across the country routinely examine the basis for personal jurisdiction in TCPA

cases involving allegations of vicarious liability. *See, e.g., Moore v. Charter Communs., Inc.*, 523 F. Supp. 3d 1046, 1054 (N.D. Ill. 2020) (dismissing a TCPA claim for lack of personal jurisdiction based on defendant's declarations refuting plaintiff's vicarious liability allegations); *Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 U.S. Dist. LEXIS 26779 at *11-12 (D. Ariz. Feb. 11, 2021) (dismissing a TCPA claim pursuant to Rule 12(b)(2) for lack of personal jurisdiction);

   Instead of grappling with the fact that Humana's motion to dismiss is not only permissible but relatively common in TCPA cases, Plaintiff misconstrues several cases that she maintains favor her position. To begin with, *Boim v. American Muslims for Palestine* and *Plumbers' Pension Fund Local 130, U.S.A v. Pellegrini Plumbing, LLC* are inapposite comparisons to the case at hand because they addressed Rule 12(b)(1)—rather than 12(b)(2)—challenges to subject matter jurisdiction – specifically factual challenges to federal question jurisdiction (*i.e.*, the actual cause of action asserted against the challenger). 9 F.4th 545, 557-559 (7th Cir.2021); No. 20-cv-5024, 2023 U.S. Dist. LEXIS 8486, at *11 (N.D. Ill. Jan. 18, 2023). Plaintiff does not, nor could she, cite a case applying the same reasoning to a Rule 12(b)(2) motion.

   Similarly, Plaintiff's reliance on *Nelson v. Miller* is misplaced, and the passage Plaintiff cites, in fact, supports Humana's position:

> [t]he essential question in cases of this type is where the action is to be tried. ***Once it has been determined that the relationship of the defendant to the State is sufficient to warrant a trial,*** we are of the opinion that the court has jurisdiction to determine the merits of the controversy.

11 Ill. 2d 378, 391-92, 143 N.E.2d 673, 680 (1957) (emphasis added). Rather than asking for a final determination on the merits of Plaintiff's vicarious liability theory, Humana is seeking a determination as to whether "the relationship of [Humana] to [Illinois] is sufficient to warrant"

4

the Court's exercise of personal jurisdiction over Humana in this specific matter. And as explained *infra*, Plaintiff's Complaint fails to clear this initial hurdle with respect to its allegations concerning Humana's purported vicarious liability for calls allegedly placed by Healthubb.

In summary, contrary to Plaintiff's position in its opposition brief, this Court can and should determine whether Plaintiff sufficiently alleged vicarious liability as to Humana and, in turn, the Court's basis for personal jurisdiction over Humana in this action.

B. **PLAINTIFF HAS FAILED TO PROPERLY ALLEGE VICARIOUS LIABILITY AS TO HUMANA.**

Plaintiff's opposition only makes one passing reference to actual or apparent authority as bases for vicarious liability and thus appears to abandon those theories. Instead, Plaintiff's brief focuses only on the ratification theory of vicarious liability, which Plaintiff has also failed to properly allege.

As an initial matter, recognizing that Healthubb is not an agent of Humana, Plaintiff cites a 2019 Ninth Circuit case for the proposition that a principal-agent relationship is not necessary to support a finding of ratification. Other courts, however, have come to the opposite conclusion—even in the Ninth Circuit—finding that ratification cannot exist without a preexisting agency relationship. *See, e.g., HomeAdvisor, Inc.*, 218 F. Supp. 3d at 587 ("As explained, the Court lacks jurisdiction over HomeAdvisor based on Johansen's ratification theory because he failed to show the prerequisite principal-agent relationship between HomeAdvisor and Lead House – the entity that actually made the calls."); *Beck v. XPO Express, Inc.*, No. 3:16-cv-00668-DRH-RJD, 2017 U.S. Dist. LEXIS 175075 at *5 (S.D. Ill. Oct. 20, 2017) (". . . if [plaintiff] cannot establish with sufficient proof that XPO was principle and its co-defendants acted as agents—the Court will not entertain the ratification argument."); *In re*

5

*Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 527 (D.W.V. 2016) ("Without this 'prerequisite' principal-agent relationship, a defendant cannot 'ratify' the actions of third parties."); *Salaiz v. eHealthInsurance Servs.*, No. 22-cv-04835, 2023 U.S. Dist. LEXIS 48742, at *10-11 (N.D. Cal. Mar. 22, 2023) ("Ratification does not apply if the actor is not an agent and does not purport to be one.").

Moreover, even if Plaintiff's proposition that an underlying agency relationship is not required were correct, her vicarious liability allegations here would still fail to pass muster. Consider Plaintiff's own recitation of the ratification standard:

> To demonstrate prospective ratification, a plaintiff must show that a principal had full knowledge of all the facts, or was willfully ignorant of those facts, and manifested an intention to ratify the act in question, or that an agent acted for a principal's benefit and the principal "fail[ed] to object or repudiate an action."

(Dkt. 25, at p. 11) Analyzing her Complaint under this standard, Plaintiff's ratification allegations fail because she has not properly alleged any of these elements. To the extent Plaintiff's Complaint implies or concludes that Humana was aware that Healthubb placed calls to her, Humana's declaration directly refutes that allegation with sworn statements from its Market Vice President that Humana has never worked with Healthubb on marketing campaigns or paid Healthubb for leads or call transfers. (Dkt. 21-1 at ¶ 9) And the Complaint is devoid of any allegations that Humana was willfully ignorant of Healthubb's actions, which at the very least would also require Humana to have prior knowledge that Healthubb was placing calls that promote Humana products. *See, e.g., McCurley v. Royal Seas Cruises, Inc.*, No. 21-55099, 2022 U.S. App. LEXIS 9079, at *6-7 (9th Cir. April 5, 2022) (finding that the defendant had reason to investigate the calling activities of a lead vendor because defendant knew the vendor was placing prerecorded calls and had transferred to defendant 2.1 million calls).

Tellingly, Plaintiff only makes passing references to her "robust facts" supporting ratification and does not attempt to compare the factual record here to any of the cases that she contends support a finding that she has sufficiently alleged vicarious liability. That is because such a comparison would only highlight the weakness of her purported basis for ratification. *See, e.g., Royal Seas Cruises, Inc.*, 2022 U.S. App. LEXIS 9079, at *6-7 (defendant reviewed its vendor's call scripts, knew the vendor used a pre-recorded voice to place the calls, and knew the vendor transferred it 2.1 million calls).

As such, Plaintiff has failed to set forth a requisite showing that Humana could be vicariously liable for Healthubb's actions, and the Court should, therefore, dismiss Humana from this case for lack of personal jurisdiction.

### C. JURISDICTIONAL DISCOVERY IS NOT WARRANTED.

In a last attempt to save her case, Plaintiff seeks jurisdictional discovery on Humana's involvement in the alleged calls. (Dkt. 25, p. 12-13) But as explained in the cases to which Plaintiff cites, jurisdictional discovery is only appropriate "if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." *Zurich Am. Ins. Co. v. Tangiers Internat'l. LLC*, No. 18 C 2115, 2018 U.S. Dist. LEXIS 134701 at *5 (N.D. Ill. Aug. 9, 2018)

Here, the factual record with respect to ratification is devoid of any substantive allegations suggesting that Humana had "full knowledge" of Healthubb's calling activities or was "willfully ignorant" of them. Plaintiff's "robust facts" amount to an allegation that she was eventually transferred to a Humana insurance agent[1] coupled with a series of speculative

---

[1] *Childress v. Liberty Mut. Ins. Co.*, No. 17-cv-1051, 2018 U.S. Dist. LEXIS 167281 at *10-11 (D.N.M. Sept. 28, 2018) ("The transfer of the call, however, does not establish that Defendant exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call, and thus is insufficient to establish an agency relationship . . .")

7

allegations about Humana's purported relationship with Healthubb. In contrast, the unrefuted record presented by Humana shows that it has never used Healthubb's services in a marketing campaign, paid Healthubb for leads or call transfers, authorized Healthubb to promote its products, or allowed Healthubb to access its systems or otherwise directly transfer calls to Humana agents. (Dkt. 21-1 at ¶¶ 9-10) In short, the sum of the factual record is not ambiguous or unclear as to ratification; it shows that Plaintiff has no basis for her contention that Humana ratified Healthubb's conduct.

### III.  CONCLUSION

Determining whether the exercise of personal jurisdiction is appropriate in the face of a challenge is a routine process for federal and state courts. When the basis for personal jurisdiction is a defendant's alleged vicarious liability for the acts of another, the Court can and should consider the claimant's vicarious liability allegations to determine whether they are sufficient to warrant the exercise of personal jurisdiction. Here, Plaintiff's vicarious liability allegations fail to clear that baseline hurdle and, as a result, the Court should dismiss Humana from this case for lack of personal jurisdiction.

Dated: June 13, 2023                                                      Respectfully submitted,

By: *s/ Seth H. Corthell*
Martin W. Jaszczuk
Seth H. Corthell
JASZCZUK P.C.
311 South Wacker Drive, Suite 2150
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com
scorthell@jaszczuk.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served on all parties via email through CM/ECF on this 13th day of June 2023.

<em>s/ Seth H. Corthell</em>