UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTIONETTE WOODWARD, *individually, and on behalf of all others similarly situated,* | ) ) ) ) Case No. 1:23-cv-00979 |
| Plaintiff, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| HUMANA INC. and HEALTHUBB, LLC, | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antionette Woodward ("Plaintiff") filed a complaint against Defendants Humana Inc. ("Humana") and Healthubb, LLC ("Healthubb") alleging Humana is vicariously liable for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, because Healthubb made multiple telemarketing calls on Humana's behalf. Humana now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the following reasons, Humana's motion to dismiss Plaintiff's complaint is granted.

**Background**

Plaintiff is an Illinois resident. Humana is a Delaware corporation with its principal place of business in Louisville, Kentucky. Plaintiff has been on the National Do Not Call Registry since September 25, 2022. Plaintiff alleges that she received three unsolicited telephone calls on her residential line between October 30 and 31, 2022 from an entity identified on her phone's caller ID as Healthubb. According to Plaintiff, the callers promoted Humana insurance and, during one of the calls, transferred her to someone named Martin Edwards. Plaintiff further alleges that Mr.

1

Edwards provided her with a Humana callback number and that Mr. Edwards is a Humana employee.

Plaintiff alleges that by engaging Healthubb to make calls on its behalf to generate new business, Humana "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control." [1] at ¶ 38. Plaintiff further alleges Humana permitted Healthubb the ability "to enter consumer information into the seller's sales or customer systems" when it permitted Healthubb to transfer Plaintiff's call over to Humana. *Id.* at ¶ 39 Plaintiff alleges that Humana also ratified Healthubb's conduct by accepting the benefits of Healthubb's calling activity, including the business origination of the Plaintiff's information.

Humana alleges that it does not have and has never had a marketing relationship with Healthubb. Humana further alleges that they have never paid any money to Healthubb for customer leads or call transfers and that Healthubb is not authorized to promote or otherwise sell Humana products. Humana alleges that when Healthubb supposedly called Plaintiff, it did not do so at Humana's behest. Humana states that because they have no marketing relationship with Healthubb, Humana is neither involved with, nor does it exert any control over Healthubb's calling operations.

**Legal Standard**

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Although the plaintiff bears the burden of establishing personal jurisdiction, when ruling on a Rule 12(b)(2) motion to dismiss based on the submission of written materials, a plaintiff need only make a *prima facie* showing of personal jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). "In evaluating whether the *prima facie* standard has been satisfied, the plaintiff 'is entitled to

2

the resolution in its favor of all disputes concerning relevant facts presented in the record.' " *Curry*, 949 F.3d at 393 (citation omitted).

**Discussion**

   *A. Personal Jurisdiction*

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 571 U.S. 277, 283, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014)). The Illinois long-arm statute requires nothing more than the standard for federal due process: that the defendant have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Personal jurisdiction may be either general or specific. General jurisdiction exists when the party's affiliations with the forum state "are so constant and pervasive as to render [it] essentially at home" there. *Daimler AG*, 571 U.S. at 122, 134 S.Ct. 746. Plaintiff does not assert, and the evidence does not support, a claim of general jurisdiction over Humana in Illinois. Instead, Plaintiff argues that specific jurisdiction exists because Humana engaged Healthubb to make calls on its behalf, permitted Healthubb to transfer calls to Humana, and accepted the benefits of Healthubb's calling activity.

Specific jurisdiction is appropriate when the defendant purposefully directs its activities at the forum and the alleged injury arises out of those activities. *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (internal citation omitted). Furthermore, for the purposes of Plaintiff's TCPA claim, which is considered an intentional tort for jurisdictional purposes, the Seventh Circuit has articulated three specific requirements for purposeful direction: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's

3

knowledge that the effects would be felt – that is, the plaintiff would be injured – in the forum state." *Id.* at 703. Here then, any specific jurisdiction over Humana must arise from the relevant phone calls. Humana submits a sworn declaration, however, attesting that it did not call Plaintiff or otherwise direct its actions at Illinois as related to this suit.

Plaintiff does not allege that Humana is directly liable for the calls at issue. Instead, Plaintiff asserts that this Court may exercise specific jurisdiction over Humana because Humana is vicariously liable for Healthubb's telemarketing calls under agency principles. "An entity may be held vicariously liable for violations of the TCPA 'under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.'" *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 831(N.D. Ill. 2016) (Kennelly, J.) (quoting *In re Joint Petition filed by Dish Network*, 28 F.C.C. Rcd. 6574, 6582 ¶ 28 (2013)). Plaintiff briefly mentions but fails to argue actual and apparent authority as bases for vicarious liability. Thus, the Court's analysis will only address ratification.

Ratification occurs when a principal knowingly chooses to accept the benefits arising from unauthorized actions taken by the agent on behalf of the principal. *Aranda*, 179 F. Supp. 3d 817 at 833. A principal "is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 745 (N.D. Ill. 2014) (St. Eve, J.).

Here, Plaintiff asserts that Humana ratified Healthubb's conduct by knowingly accepting the benefit of Healthubb's calling activity, including the business origination of the Plaintiff's information. Plaintiff further contends that Humana participated in the telemarketing calls by having them transferred directly to them. Plaintiff argues that Humana therefore knew about the illegal calls but did nothing to stop them. Plaintiff's argument fails for two reasons. First, Humana submitted a sworn declaration stating that it did not know of Healthubb's calling practices. Plaintiff

4

fails to rebut Humana's declaration that it did not know and, therefore, did not ratify the conduct. *See Moore v. Charter Commc'ns, Inc.*, 523 F. Supp. 3d 1046, 1054 (N.D. Ill. 2020) (Durkin, J.) (denying ratification argument where plaintiff failed to put forth allegations challenging defendant's declaration). Plaintiff further does not allege that Healthubb provided Plaintiff's information or other benefits to Humana from Healthubb's telemarketing calls to Plaintiff. In contrast, Humana's sworn declaration states that it has never used Healthubb's services in a marketing campaign, paid Healthubb for leads or call transfers, authorized Healthubb to promote its products, or allowed Healthubb access to its systems or otherwise directly transfer calls to Humana agents. Clearly, Humana could not have ratified Healthubb's actions because Humana was not aware that Healthubb even existed until it received initial communications from Plaintiff's counsel pre-suit. Second, Plaintiff fails to allege that she actually conducted business with Humana as a result of the phone call. Her allegation that Humana received her contact information is insuffiicent to show that Humana knowingly accepted a benefit from Healthhubb. *See Toney*, 75 F. Supp. 3d at 745–46 (no ratification where plaintiff failed "to allege that she did business with Sempris or Provell as a result of Quality's calls"); *Bridgeview Health Care Ctr. Ltd. v. Clark*, No. 09 C 5601, 2014 WL 7717584, at *6 (N.D. Ill. Nov. 21, 2014) (Valdez, Mag. J.)(similar). Thus, Plaintiff's ratification theory of agency fails.

Because Plaintiff fails to sufficiently allege a plausible agency relationship to support vicarious liability, this Court finds that she does not, in turn, make a *prima facie* case of personal jurisdiction against Humana. Accordingly, Humana's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is granted.

B. *Jurisdictional Discovery*

In response to Humana's motion to dismiss, Plaintiff asks this Court to allow jurisdictional discovery on the issue of personal jurisdiction before dismissing Humana. "It is within the

5

discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists." *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir.2000). In order to do so, however, "a plaintiff must establish a colorable or *prima facie* showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir.2000). Put differently, a plaintiff seeking jurisdictional discovery must advance "proof to a reasonable probability" of the facts necessary to establish federal jurisdiction. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316 (7th Cir.1996).

Here, Plaintiff has failed to make a *prima facie* showing that this Court has personal jurisdiction over Humana. The record is not ambiguous or unclear on the issue. Humana has submitted a declaration unequivocally denying any involvement with Healthubb's actions. Plaintiff had the opportunity to respond and submit affidavits of her own to provide the Court with some evidence that Humana is vicariously liable for the calls made to her by Healthubb. Plaintiff has provided the Court with nothing more than her unsupported suspicion of Humana's purported relationship with Healthubb based on an alleged call where Plaintiff was transferred to a Humana insurance agent. Because Plaintiff has provided nothing but her unsupported assertion of personal jurisdiction over Humana, her request for jurisdictional discovery is denied.

**Conclusion**

For these reasons, the Court grants Humana's motion to dismiss without prejudice. Plaintiff has 30 days to cure the deficiencies addressed above; otherwise, the dismissal shall be with prejudice.

IT IS SO ORDERED.

Date: 3/29/2024

Entered: _____

SHARON JOHNSON COLEMAN
United States District Court Judge

6